# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20583-Civ-SCOLA/TORRES

NEXTWAVE ENTERPRISES, LLC

    Plaintiff,

vs.

WATERSTONE CONSTRUCTION and DEVELOPMENT, INC., and EDWARD M. WASSER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Nextwave Enterprises, LLC's ("Plaintiff") motion for final default judgment against Waterstone Construction and Development, Inc., and Edward M. Wasser ("Defendants"). [D.E. 41]. Defendant failed to file a response to Plaintiff's motion and the time to do so has now passed. Therefore, the matter is now ripe for disposition. Based on a review of the motion and the underlying record in this case, we recommend that Plaintiff's motion be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On August 22, 2019, the Honorable Robert N. Scola referred Plaintiff's motion to the Undersigned Magistrate Judge for disposition. [D.E. 43].

## *I. APPLICABLE PRINCIPLES AND LAW*

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See*

2

*Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011). With this guidance in mind, we turn to the allegations found within Plaintiffs' Complaint to determine whether default judgment is appropriate.

## *II. ANALYSIS*

Plaintiff's motion seeks an entry of final default judgment against Defendants for the breach of a settlement agreement that the parties executed on June 22, 2017. As part of that settlement, Defendants agreed to making monthly payments, due by the end of each month beginning in July 2017, and each month thereafter until the outstanding balance of $214,500.00 was fully paid.  [D.E. 31-1].  Defendants specifically agreed in paragraph six of the settlement agreement that, if any default is not cured within ten business days, Plaintiff will be entitled to the full balance minus any payments made:

3

> If default be made in the payment of any installment due herein, and if such default is not cured within ten (10) business days, then Plaintiff shall be entitled to entry of Final Judgement, without the necessity of a hearing, for the full balance owed $287,599.60, minus payments made.

*Id.* As the parties entered into the settlement agreement, the Court approved it and dismissed the action with prejudice. The Court retained jurisdiction to enforce the terms of the settlement agreement

Plaintiff alleges that Defendants only delivered seventeen payments pursuant to the settlement agreement, with the last payment received on or about January 4, 2019. *Id.* Plaintiff further alleges that Defendants failed to comply with the terms of the settlement agreement and to deliver the required monthly payments, despite Plaintiff's repeated demands. [D.E. 31]. As such, Plaintiff contends that it is entitled to (1) a final default judgment in the amount of $287,599.60 minus seventeen payments made in the amount of $38,500.00, which totals a final judgment amount of $249,099.60, (2) costs associated with the claim for breach of the settlement agreement in the amount of $496.00, and (3) reasonable attorneys' fees in the amount of $2,415.00.

Based upon a full review of the record, Plaintiff's motion for default judgment is well taken for the full amount requested in the motion – $249,099.60. This request is well supported in the settlement agreement [D.E. 41-1] because Defendant failed to satisfy its obligation to pay the agreed upon monthly sum and failed to correct this violation of the agreement within the five (5) business day cure period. *Id.* The motion may also be granted based on the lack of opposition under S.D. Fla. Local R.

4

7.1. In addition, the Court's review of the substantive grounds supporting the motion shows that Plaintiff should be entitled to the damages sought. Therefore, Plaintiff's motion for final default judgment against Defendant in the amount of $249,099.60 should be **GRANTED**.

The second issue is whether Plaintiff should be entitled to fees and costs pursuant to section 9 of the settlement agreement. *Id*. Attorney fees require competent and substantial evidence to determine reasonableness. Plaintiff has provided adequate proof via an affidavit of their entitlement to fees [D.E. 41-1] in the amount of $2,415.00. But, Plaintiff has failed to provide an adequate basis for a cost award in the amount of $496.00. Therefore, Plaintiff's motion for final default judgment should be **GRANTED** as to the unpaid settlement amount and the fee award and **DENIED** as to Plaintiff's motion for costs.[2]

### III. CONCLUSION

Based on the uncontested facts, we hereby **RECOMMEND** that Plaintiff's motion for final default judgment [D.E. 41] be **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion for $249,099.60 in damages should be **GRANTED.**

B. Plaintiff's motion for fees in the amount of $2,415.00 should be **GRANTED**.

---

[2] The Undersigned entered a Report and Recommendation ("R&R") on a prior motion for final default judgment on June 20, 2019. [D.E. 38]. The Court did not rule on that R&R because Plaintiff filed a motion to stay on July 8, 2019 [D.E. 39] to resolve the matter without judicial intervention. Because that effort was not fruitful, Plaintiff renews its motion for final default judgment.

C. Plaintiff's motion for costs in the amount of $496.00 should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 23rd day of September, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge